**NOT FOR PUBLICATION**

# FILED

UNITED STATES COURT OF APPEALS

JAN 17 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEVEN T. WALTNER and SARAH V. WALTNER,<br><br>　　　　　　Petitioners-Appellants,<br><br>v.<br><br>COMMISSIONER OF INTERNAL REVENUE,<br><br>　　　　　　Respondent-Appellee. | No. 17-72261<br><br>Tax Ct. No. 1729-13<br><br>MEMORANDUM[*] |

Appeal from a Decision of the
United States Tax Court

Submitted January 8, 2019[**]
Pasadena, California

Before: GRABER and WATFORD, Circuit Judges, and ZOUHARY,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

[***] The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

Appellants Steven and Sarah Waltner appeal an order from the United States Tax Court sustaining a tax deficiency and imposing sanctions against them and their attorney, Donald Wallis. We affirm in part and dismiss in part.

1. The Waltners first challenge the $8,801 tax deficiency and $978.75 penalty for failure to file a valid tax return. They claim that the three-year statute of limitations under 26 U.S.C. § 6501(a) for assessing their 2008 tax liability expired by the time the IRS sent them a deficiency notice in 2012. The Tax Court determined that the statute of limitations had not begun to run because the Waltners never filed a valid tax return for 2008. We review de novo whether the assessment was time-barred. *Wolf v. Comm'r*, 4 F.3d 709, 713 (9th Cir. 1993).

For § 6501(a)'s limitations period to begin running, the filed tax return must be valid. *See Beard v. Comm'r*, 82 T.C. 766, 777 (1984), *aff'd*, 793 F.2d 139 (6th Cir. 1986) (per curiam). The Waltners already litigated the validity of their 2008 tax return in a separate action in the Court of Federal Claims. That court held that the 2008 tax return was not valid because it did not provide the IRS with sufficient information to calculate the Waltners' tax liability. *Waltner v. United States*, 98 Fed. Cl. 737, 761 (2011), *aff'd*, 679 F.3d 1329 (Fed. Cir. 2012). Because the validity of the purported 2008 tax return was both fully litigated and necessary to that court's decision, the Tax Court correctly held that collateral estoppel prevents the Waltners from relitigating the validity of their return.

The Waltners argue that the Commissioner validated their 2008 tax return by processing it and mailing a CP16 notice to them in September 2009. But that notice merely informed the Waltners that they would not be paid the refund they claimed on their tax return. Under *Beard*, 82 T.C. at 777, nothing about that notice converted the Waltners' 2008 tax return into a valid tax return. Because the Waltners' 2008 tax return was invalid, the statute of limitations never started to run and the Commissioner's 2012 notice of deficiency was timely.

Under 26 U.S.C. § 6651(a)(1), a taxpayer who fails to file a valid tax return is subject to penalty, unless the failure to file is due to reasonable cause and not due to willful neglect. The Tax Court held that the Waltners' failure to file a valid return was due to willful neglect. The record supports that finding, so we affirm the $8,801 income tax liability and the $978.75 failure-to-file penalty.

2. The Tax Court did not abuse its discretion in sanctioning the Waltners for maintaining frivolous arguments. Under 26 U.S.C. § 6673(a)(1)(B), a taxpayer may be sanctioned up to $25,000 if it appears to the Tax Court that "the taxpayer's position . . . is frivolous or groundless." The Waltners have litigated their zero-wages theory numerous times in federal court and have received repeated warnings that this zero-wages position is frivolous. In one previous case, the Tax Court explained to the Waltners that their zero-wages arguments were frivolous and imposed a $2,500 sanction. We affirmed that sanction two years ago. *Waltner v.*

3

*Comm'r*, 659 F. App'x 440, 441 (9th Cir. 2016) (unpublished). Despite those warnings and sanctions, the Waltners continue to assert their frivolous position. We affirm the $10,000 sanction under § 6673(a)(1)(B).

3. We lack jurisdiction to review the $15,500 sanction against Wallis, the Waltners' attorney.

Appellate review of a Tax Court decision is obtained by filing a notice of appeal within 90 days after entry of the decision. 26 U.S.C. § 7483. This deadline is jurisdictional. *Bowles v. Russell*, 551 U.S. 205, 206–07 (2007). The Waltners' notice of appeal states that they are appealing the order that imposed the sanction against their "former counsel." But Wallis did not sign the notice of appeal, did not appear on the notice, and did not file a notice of his own.

A court's authority extends only to claims based on the litigant's own legal rights and interests and does not extend to claims based on the legal rights or interests of third parties. *Hollingsworth v. Perry*, 570 U.S. 693, 707–08 (2013). The Waltners lack standing to challenge a sanction that did not cause them any legally cognizable injury. *Id.* Accordingly, we dismiss the Wallis portion of the appeal for lack of jurisdiction.

**AFFIRMED in part and DISMISSED in part**.